## FRINK *v.* BUSS & WOODWARD AND TRUSTEE.

Under our law of assignments, it is no objection to the assignee that he is a creditor of the assignor.

Assignments, when made conformably to our laws, are to be sustained and carried into effect; and for that purpose the assent of all creditors will be presumed until their dissent is proved.

An assignment, by a citizen of this State, whose property is mainly situated here, made in good faith and in conformity with the requirements of our law, will be good and valid and will operate upon all his property in this jurisdiction, notwithstanding the debtor may own property in some other State whose policy it may be to apply their own laws to the property in that jurisdiction, in preference to ours, which latter may in their view conflict with the provisions of their law or the rights of their citizens.

THE principal defendants having been defaulted, the plaintiff elected to try the question of the liability of the trustee by the jury. For the purpose of raising certain questions of law in this case and for no other, it was agreed, that, on the 16th of May, 1861, the principal defendants at Keene, where they resided and were in business as partners, made a general assignment to the trustee of all the firm property, for the payment therewith, after deducting the reasonable expenses of the trust, of all the copartnership creditors in equal proportions to their respective debts; and each, of all his individual property for the payment therewith, after deducting the reasonable expenses of the trust, of their respective individual creditors in equal proportion to their respective debts, and for the payment, with the residues, if any there should be, of the copartnership creditors in equal proportions to their respective debts. This assignment was duly executed according to the laws of this State and was recorded in the Cheshire County Registry of Deeds and also in the office of the Town Clerk of Rockingham in Windham County in Vermont, and may be referred to as part of this case. By virtue of this assignment the trustee took possession of the property assigned, including certain real estate in said Rockingham, which was the individual property of said Buss; but he has not filed in the office of the Clerk of said Windham County any copy of the assignment, or inventory of the property assigned, or list of the creditors to be benefited by the assignment; nor has he executed any bond to the Probate Court for said Windham County. On the 27th of October 1861, Shelly & Sawyer of Keene, creditors of said copartnership, commenced an action in Vermont against the principal defendants and attached the real estate of Buss in said Rockingham. At the time of such attachment and before, Shelly & Sawyer knew of the assignment. Act No. 18 of 1852, Act No. 12 of 1855, and Act No. 11 of 1857, of the Pamphlet Laws of Vermont, and all other statutes of that State relating to assignments may be referred to as parts of this case. At the time of the assignment and before, the trustee held and still holds a mortgage of real estate of the principal defendants in Keene, given by them to secure a debt due to him from the firm, and at the time of the assignment the condition of the mortgage had been broken. The plaintiff is a creditor of the copartnership and his debt accrued prior to the assignment. The trustee process was served on said Pond, June 3, 1861.

For the purpose of raising the question of law in this case, the court

ruled *pro forma* that the assignment was invalid against the plaintiff, and that the trustee was chargeable for the personal property and the proceeds of the real estate received by him by virtue of said assignment, after deducting the debts due him from Buss & Woodward, but without deducting the debts due other creditors of Buss & Woodward, who had assented to the assignment before service upon the trustee, or the necessary expenses of the trustee as assignee ; to which the trustee excepted. And thereupon by consent of parties the cause was taken from the jury for the settlement of the questions of law arising ; and after the same are determined, the cause is to stand for trial by the jury without prejudice to either party from any statement of fact in this case, if either party so elect ; otherwise the trustee is to be discharged or charged at the trial term as the opinion of the court shall be upon the foregoing case ; and if the trustee is charged the amount for which he is chargeable is to be determined by the jury, unless the parties otherwise agree.

And the questions of law arising upon the case were reserved for the determination of the whole court.

*Cushing* and *Woodward*, for plaintiff.

Although the execution of the assignment, so far as it respects the signing, attesting, acknowledging, and recording, may have been conformable to the laws of Vermont relating to the conveyance of real estate, yet as this was a *voluntary assignment*, it would not convey a legal title to the real estate in Vermont against the *bona fide* attaching creditors of the defendants, unless it conformed to *all* the laws of Vermont relating to the subject of assignment. *Osborn* v. *Adams*, 18 Pick. 245 ; Burrill on Assignments, pp. 360, 361 and 362 ; *McCormick* v. *Sullivant*, 2 Wheaton, 202. Pond was a large creditor of the defendants. The conveyance to him was voluntary and without consideration. As against the creditors of the assignors, such an assignment is declared inoperative, and consequently void. Sec. 8, Act No. 18, Vt. Laws, 1852.

As to the filing of a bond to the Probate Court, and in the County Clerk's office, an inventory, &c., &c., &c., we hold this position, that the several acts of Vermont on these subjects require every person to comply with their provisions for the protection of those who seek their rights in Vermont, and the location of the land assigned in this case points out the place where the copies should be filed, and the Probate Court to whom the bond should be given, and that as much must be done by the assignors and assignees residing out of Vermont as by those residing in Vermont to effect the transfer of real estate. *Osborn* v. *Adams*, *ubi supra* ; Burrill on Assignments, 360, 361 and 362.

This assignment is general, not specific, and is diametrically opposed to every word of sec. 2, Act No. 18 of 1852, and therefore we hold that the assignment under the statutes of Vermont is void *per se*, against the creditors of the defendants.

If the assignment failed to convey *all* the debtor's property, wherever situated, it failed to comply with the statutes of New Hampshire, and is

therefore void. *Beard* v. *Kimball & Tr.*, 11 N. H. 471; *Rundlett* v. *Doyle & Tr.*, 10 N. H. 458; *Hurd* v. *Silsby & Trs.*, 10 N. H. 108; *Baker* v. *Bean*, 25 N. H. 412.

At the time of the assignment, the case finds that Pond held a mortgage, the condition of which had been broken. Pond's interest as mortgagee impels him to foreclose and not redeem. The duty of Pond as assignee and trustee was to refrain from foreclosure, and, in case of foreclosure by any person, to redeem for the benefit of creditors. Now we hold these positions:

I. That any one who undertakes to act for others in any matter, cannot in the same matter act for himself. *Whichcote* v. *Lawrence*, 3 Vesey Jun. 750; *Exparte Lacey*, 6 Vesey, 626.

II. That any person having a duty to perform shall not be allowed to place himself in a situation in which his interest and his duty may conflict. *Broughton* v. *Broughton*, 31 Eng. Law & Eq. 587.

*Wheeler & Faulkner*, for trustee.

SARGENT, J. One ground of objection to the assignment in this case is, that the assignee was a creditor of the principal defendants, and held a mortgage of a portion of their property to secure his debt. In the statute of Vermont to which we are referred, there is a provision, that, under the assignment law of that State, the assignee shall not be a creditor of the assignor, or interested in the provisions of the assignment. Sec. 8 of Act No. 18 of 1852, Vermont Laws. We have no such provision in our statute relating to assignments. But in this State the almost uniform practice is for the assignor to select some creditor as assignee, and no assignment has ever been held invalid for that reason, provided the assignee was in other respects a suitable and proper person to perform the duties and execute the trust. We see no objection to such an arrangement, any more than there would be in appointing a creditor of an estate as administrator, or the creditor of a ward as his guardian. But in this State we give the creditor a right to administer upon an estate, if no administrator is appointed from the relatives in a given time. Our statute upon the subject of assignments is silent upon this subject; but, reasoning from the rule in analogous cases, and considering the general practice in this State, and particularly when we consider the laws of 1861, page 2443, and of 1862, page 2594, in amendment of our assignment laws, requiring the assignee to give bond in the court of probate and to settle his account there, and requiring similar proceedings there to those in case of an administrator on the estate of a deceased person, we think it must be held that this objection is not well founded.

It is also objected that this assignment was not recorded in the office of the County Clerk in Windham County, Vt., where certain real estate of the assignor was located, as is provided in sec. 3 of Act No. 18 of 1852, Vermont Laws, in relation to assignments in Vermont; and also that the assignee did not execute his bond within ten days after the

making of the assignment, to the probate court in the district where said land was located, according to the provisions of sec. 2 of Act No. 12 of 1855, and of sec. 2 of Act No. 11 of 1857, Vermont Laws. But this objection is not well founded, because both these sections in the Vermont Statutes provide that this bond, which they require, shall be executed to the probate court for the district in which the assignor resides. But, the assignor residing in New Hampshire, that provision of the laws of Vermont cannot apply to this case. Nor would a compliance with the Vermont laws, in procuring the assignment to be recorded in the office of the County Clerk of Windham County, have made the matter any better than it now is, because it will be seen by the Vermont laws that these assignments in that State, which are required to be thus recorded, are only assignments of personal property, and have no application here. It is provided by sec. 1 of Act. No. 18, of 1852, Vermont Laws, that, " in case real estate is assigned, it shall be by deed, executed and recorded conformably to the law relating to the conveyance of real estate." Now, no deed of the real estate was given in this case, nor was any required by our statute in order to pass the title to the land. The case only finds that there is a lot of land belonging to one of the assignors, in Vermont, which has been attached by Shelly & Sawyer, of Keene, creditors of the firm which made the assignment, but it does not find that this suit has been terminated or that those plaintiffs can hold said land by their attachment. The real objection to this assignment in Vermont will be, as passing title to this land, not that a copy of it has not been filed, or a bond given, according to their law, but that the land in this case was not conveyed to the assignee by deed executed and recorded conformably to the laws of Vermont relating to the conveyance of real estate.

We cannot tell how the courts of Vermont may hold in such a case, whether that the assignment, being made in New Hampshire, and being sufficient here to pass the title to both real and personal estate, shall be good in Vermont to convey the title to this land as against a New Hampshire creditor having notice of the assignment, or that the assignment in another State shall have no effect there whatever, because not made according to the provisions of their law of assignments. And it is not material to the decision of this case, which way they may hold. Nor need we stop to inquire whether this land will not be held by creditors of Buss, the owner of the land, to the exclusion of the company creditors, who have attached it. Where there is a conflict between the laws of different States, we hold that all a debtor can reasonably be required to do is to make his assignment in good faith and in accordance with the provisions of the laws of the State in which he lives and where the principal part of his property is located. We do not think that the fact, that the law of some other State may conflict with our own, and may take from the operation of the assignment a small tract of land situated in such other State, should be held to vitiate the instrument. We think that justice would rather be done by giving effect to the assignment in this State on all the property in our jurisdiction. The case of *Barker* v. *Bean*, 25 N. H. 412, does not apply here, as that was a case

where the assignment was insufficient to convey the debtor's property in this State, by our own laws. No such question arises here.

This court has held that it is the settled policy here, that a prior assignment in bankruptcy under a foreign law will not transfer the property as against a creditor of the bankrupt, who is a citizen of the government where the property is situated or the debt due. *Saunders* v. *Williams*, 5 N. H. 213 ; *Sanderson* v. *Bradford*, 10 N. H. 264. A prior assignment under the insolvent laws of another State will not prevail against a subsequent attachment of effects here by a creditor resident in this State. *Dalton* v. *Currier*, 40 N. H. 237. But the fact, that this court holds thus, does not probably make the insolvent laws of Massachusetts or any other State void or inoperative within their own jurisdiction upon the property there situated ; because we may give the preference to our own laws over property situated within our own jurisdiction and in favor of our own citizens who are creditors of insolvents thus residing in Massachusetts or any other State. Neither would any such effect follow if the courts of Vermont should find, that, in order to protect her own citizens, or to enforce her own laws upon property within that State, they must disregard the provisions of our assignment or insolvent law, and give preference to their own laws, where the provisions of the laws of the two States may be in conflict.

This court now holds that assignments, when made conformably to our laws, are to be sustained and carried into effect ; and, for that purpose, it holds that the assent of all creditors to such an arrangement will be presumed until their dissent is proved. *Fellows* v. *Greenleaf*, 43 N. 421. In this case all the creditors of the assignors are to be taken to have assented to the assignment, except Shelly & Sawyer and this plaintiff Frink who seeks to avoid the assignment, because Shelly & Sawyer have attempted to avail themselves of some supposed conflict between the laws of this State and Vermont, to avoid the assignment so far as it affects a piece of land belonging to Buss, in Vermont. This plaintiff might do well to wait until it is settled, whether Shelly and Sawyer succeed in this attempt in Vermont ; for if they should not, then the foundation of his expectations fails. But if Shelly and Sawyer should succeed in their attempt in Vermont, it would by no means follow that the assignment here must be void so far as the property in this jurisdiction is concerned, and thus all the other creditors be deprived of the benefit of the assignment here, to which they have assented, and to the benefits of which they have thus become entitled, because some other creditor may undertake to avoid the assignment in some other jurisdiction, in its operation upon property located there. A different holding might make it utterly impossible for a man to make an assignment that should be valid anywhere, if he chanced to own property of ever so small an amount in any other State. In Massachusetts it has been held in *Iron Company* v. *Croade & Tr.*, 15 Pick. 11, that an assignment, made in Rhode Island by a debtor residing there to parties also resident there, and so made as to be effectual in that State to pass all his property there, would not be good to pass his personal property in Massachusetts, so but that a creditor there might hold such property in Massachusetts by an attach-

ment made subsequent to such an assignment. See also *Blake* v. *Williams & Tr.*, 6 Pick. 286. So, in *Osborn* v. *Adams*, 18 Pick. 245, where the assignment was made in Connecticut and was valid by the laws of that State, between parties resident there, and, in order to make it effectual upon lands in Massachusetts, the debtor deeded to the assignee the land there situated for the purposes of the assignment, the deed being executed and recorded in conformity with the laws of Massachusetts, it was held that such assignment in another State was no consideration for such deed in Massachusetts, and that the deed was void, as against a subsequent attachment by a creditor residing in Massachusetts. So that if we were to hold that an assignment, in order to be good here, must convey all the debtor's property, wherever situated, it might be impossible for him to make a valid assignment, even though he has in good faith done all that our law requires of him.

In Vermont it has already been held, *Hanford* v. *Paine & Tr.*, 32 Vt. 442, that, ordinarily, when an assignment is made by a citizen of another State, to take effect mainly upon his property there situate, but having personal property in Vermont and the assignment is sufficient where it is made, it will pass this personal property in Vermont, though not made according to the form required for assignments in that State. But real estate can only be conveyed in the way and according to the formalities of the State where it is located, and there may be a question, whether the conveyance by the assignment is sufficient to meet the requirements of the law for conveying real estate in Vermont. As we understand their laws, its execution was sufficient. It was signed, sealed, witnessed by two witnesses, and delivered. It was properly acknowledged, and was recorded in the town clerk's office in the town where the real estate was situated, as the law of Vermont requires; and the assignee was in possession of this land. So far the assignment may be good and sufficient as a deed to convey real estate in that State. The only question is as to whether the description in the assignment of all the debtor's "property and estate of every description," &c., is sufficient by the laws of Vermont to pass the title to this land, and whether the consideration is valid and sufficient against creditors there. We think it might be good at common law, and probably may be in Vermont, though we do not feel called upon to decide that question; for, however that may be, we think, that, where a debtor, who is a citizen of this State, and whose property is mainly situated here, in good faith made an assignment for the benefit of all his creditors, in which he has carefully and fully complied with all the requirements of our law, he should be entitled to the full benefit of such law as far as his property here is concerned, and that his creditors too have also the right, having assented to the assignment, to have all the property within the State applied for their benefit according to the provisions of our law, and that this result cannot be defeated because the debtor may chance to hold property either personal or real, in some other State, whose policy it may be to apply their own laws to the property within their jurisdiction, in preference to ours, which may, in their view, either conflict with the provisions of their law, or the rights of their citizens.

According to the provisions of the case, therefore, unless either party shall elect a trial by jury, the

*Trustee must be discharged.*